27499.   CANNON et al. v. TANT et al.

ARGUED OCTOBER 10, 1972—DECIDED NOVEMBER 9, 1972—
REHEARING DENIED NOVEMBER 30, 1972.

*Marson G. Dunaway, Jr.,* for appellants.

*Henry A. Stewart, Parker & O'Callaghan, James I. Parker, Ed Henning, E. L. Gammage, Jr., W. W. Mundy,* for appellees.

NICHOLS, Justice. 1. The first question for decision is whether the trial court erred in denying the Cannons' motion for summary judgment. This motion was based upon the fact they hold the only lawful judgments and are the only claimants entitled to proceed against the insurer under the terms of the policy of liability insurance.

A consideration of the following statutory and case law is necessary for a determination of the merits of this contention.

"Liens of all judgments obtained in actions for damages growing out of a common disaster or occurrence shall be equal in rank or priority, regardless of the date of the rendition of the verdict or the entering up of the judgment: Provided, however, that this section shall apply only to

"No suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of 12 months from his qualification. This exemption shall not apply to an administrator de bonis non, unless appointed within the year allowed to his predecessor. In all cases the administrator de bonis non shall be made a party to suits pending against the administrator, upon scire facias returnable to the first term." *Code* § 113-1526.

"Judgments obtained against an administrator or executor after the death of the intestate or testator, rank no higher than the demands on which they are founded." *Carter v. Penn,* 79 Ga. 747 (4) (4 SE 896). "In the lifetime of the decedent, judgments ranked according to seniority. But after his death the rendition of a judgment against his administrator would not confer any priority on the claim which formed its basis, or changed its rank." *Herrington v. Tolbert,* 110 Ga. 528, 530 (35 SE 687).

The priority of debts against an estate is controlled by *Code* § 113-1508 and no preference among those within a designated priority may be given by an administrator or executor. See *Bomgaux v. Beven,* Dud. 110, decided by the Chatham Superior Court, July 1831.

"The administrator shall be allowed 12 months from the date of his qualification, to ascertain the condition of the estate." *Code Ann.* § 113-1505.

The statute of limitation does not run during the 12 month period referred to in *Code* §§ 113-1505 and 113-1526. See *Coney v. Horne,* 93 Ga. 723 (20 SE 213).

"The statutory provision that no suit to recover a debt

due by a decedent shall be commenced against his legal representative until the expiration of twelve months from his qualification is for the security of such representative, to protect him from suit until he can ascertain the condition of the estate; and if he suffers a judgment to be rendered against him during that period, a claimant of property against which such judgment is sought to be enforced can not bring into question the validity thereof, since its rendition within that period can in no way have operated to his prejudice. *Baker v. Shephard,* 30 Ga. 706." *Hill v. Julian,* 119 Ga. 607 (1) (46 SE 834).

With the above well settled law in mind, were the appellants entitled to summary judgment?

Their judgments were obtained after death of the intestate as were the other judgments and were not elevated to a higher priority as a result of their diligence. The judgment of Mrs. Charlotte Tant (obtained in an action filed within one year of the death of the intestate) cannot be attacked by the appellants, and while the liability of the insurer is based upon a contract which provides for no liability until "finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company," yet when the claimants and the insurance company enter into an agreement and the administrator of the insured's estate expressly waives any objection thereto and such agreement is approved, after hearing, by the superior court, it cannot be said that the judgments entered therein and in compliance therewith are not within the terms of the policy. Accordingly, the judgment denying the appellants' motion for summary judgment was not error.

2. The authorities quoted above show without dispute that the claims of all the claimants arising out of the collision stood upon an equal footing, that no attempt by the administrator to favor one claimant over the others would be valid, and that each is entitled to a pro rata part of the proceeds of the policy to satisfy his claim. In addition to the claims of the appellants, the claim of Mrs. Charlotte Tant

was established by a jury. The claims of the remaining claimants were established by the agreement approved by the superior court, after hearing, where any contention that such claims were exorbitant could have been raised by the appellants. Thus, unless there was some antecedent error, the final judgment directing the payment of the proceeds of the policy pro rata shows no reversible error.

3. The original action sought to enjoin the insurer and the administrator from paying out the proceeds of the policy alleging that the estate was insolvent and that the claims occurring out of the common disaster were in excess of the policy limits. The appellants were made party defendants at the request of the insurer to bring all parties before the court so that distribution could be made to all claimants from the funds. It was alleged, and not disputed (all pleadings being verified and no other evidence being shown), that the appellants were seeking in another court to collect the entire fund from the insurer. Accordingly, the judgment of the trial court making the appellants parties was not error. As to effect of sworn pleading in an equity case, see *Salter v. Ashburn,* 218 Ga. 62 (2) (126 SE2d 404).

4. The remaining enumerations of error are controlled adversely to the appellants by the above rulings, and the judgment of the trial court ordering distribution of the fund pro rata between all claimants was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*