### 55024. PARROTT v. CHATHAM COUNTY HOSPITAL AUTHORITY et al.

WEBB, Judge.

Carmen Eugene Parrott, a minor, by and through his next friend and guardian, Betty Lou Parrott, appeals

from the grant of a directed verdict in favor of the hospital authority and named doctors in his suit to recover damages for pain and suffering due to the defendants' alleged negligence in failing to timely diagnose and treat his fractured skull.

Parrott was injured and taken to the emergency room of the Memorial Medical Center in Chatham County, where he was treated for a laceration of the scalp and x-rays were taken. Upon his return from the x-ray department he and his parents were told by an unknown person that he could go home. The attending physician did not receive the x-rays showing that there was a skull fracture until five days later, at which time he was treated therefor.

The sole contention enumerated is that it was error for the trial court to direct a verdict in favor of the defendants on the question of liability where the evidence showed that the injury produced pain, that x-rays were taken, that the x-rays disclosed a depressed skull fracture, and that the patient was allowed to leave the hospital without having been treated and was not treated for a five or six-day period during which time the pain continued. Plaintiffs concede that it was established conclusively that the six-day delay caused no permanent disability. They argue, however, that they are entitled to recover because the defendants' failure to diagnose and treat the injury caused Parrott six *additional* days of unnecessary and unalleviated pain and suffering.

We do not agree. There was no medical evidence to show that had Parrott been treated for skull fracture at the time of his initial appearance in the emergency room his pain and discomfort would have been less or different from that actually suffered. "If the damages are only the imaginary or possible result of the tortious act, or other and contingent circumstances preponderate largely in causing the injurious effect, such damages are too remote to be the basis of recovery against the wrongdoer." Code § 105-2008.

Parrott relies upon *Atlanta Transit System v. Smith,* 141 Ga. App. 87, 88 (2) (232 SE2d 580) (1977) to support his assertion that the failure to render aid constituted negligence, even though no medical evidence was

presented to support such a contention. That case, however, turned upon the bus driver's failure to render aid in contravention of a statutory requirement (see Code Ann. § 68-1620), and was not a medical malpractice suit.

Nor do we find *Norton v. Hamilton,* 92 Ga. App. 727 (89 SE2d 809) (1955) to be controlling, as insisted. There the defendant doctor had contracted to give prenatal care and deliver the plaintiff's baby. Subsequently, after four requests to come to her bedside to attend her during severe labor pains, the doctor told the plaintiff's husband that he did not have to come, would have nothing further to do with the patient and was abandoning her case. The plaintiff gave birth to the child alone and sued for damages for physical and mental pain and suffering and for wounded feelings. The court held that under the facts alleged both items of damages were recoverable. In the instant case the only evidence of negligence was the testimony of the emergency room doctor that a mistake occurred and "the patient somehow left without proper discharge."

We think the case of Watson v. United States, 346 F2d 52 (5th Cir. 1965) is more apposite here. This was an action under the Federal Tort Claims Act arising out of the alleged malpractice of a government physician in Georgia, which held that under Georgia law (Code Ann. § 84-924) the record sustained the trial court's determination that even if there was a failure to discover the arteriosclerotic condition of the plaintiff's leg, there was no showing to any reasonable degree of medical certainty that the loss of the leg could have been avoided.

The Watson case is in accord with the general rule from other jurisdictions, that the fact "that a physician may have been negligent is not sufficient to render him liable, and the complaining patient must prove that the injury complained of proximately resulted from such want of care or skill. A bare possibility of such result is not sufficient." 61 AmJur2d 348, Physicians, Surgeons, and Other Healers, § 210 and cits. Thus a plaintiff cannot recover for malpractice "where there is not sufficient evidence that such physician's alleged failure to use the requisite degree of skill and diligence in treatment either proximately caused or contributed to cause plaintiff

*additional* suffering." Robinson v. Gatti, 184 NE2d 509, 510 (4) (Ct. App. Ohio 1961). See also Walden v. Jones, 439 SW2d 571 (Ky. 1968).

The defendants' motion for directed verdict was properly granted here.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED JANUARY 10, 1978 — DECIDED FEBRUARY 9, 1978 — REHEARING DENIED MARCH 2, 1978 — CERT. APPLIED FOR.

*Falligant, Kent & Toporek, Charles W. Barrow, Martin Kent,* for appellant.

*Oliver, Maner & Gray, William P. Franklin, Jr., Thomas S. Gray, Jr.,* for appellees.