## 61403. MADDOX et al. v. HOUSTON COUNTY HOSPITAL AUTHORITY.

SOGNIER, Judge.

The children of the deceased Maddox brought a wrongful death action against the Houston County Hospital. The deceased was suffering from acute and chronic alcoholism and at the request of the sheriff's department of the county, was admitted to the hospital at about 4:00 p.m. on May 31, 1977. Although not under detention, the deceased was taken to the hospital by Lt. Joiner and because of his condition, was hospitalized overnight awaiting transportation to Central State Hospital in Milledgeville.

The admitting physician prescribed, inter alia, "1) Diet as tolerated 2) Restraints if needed 3) Valium . . ." for agitation. Sometime between 10:00 and 11:00 p.m. the same night, Maddox awakened and threatened to leave, abused the nurses and attempted to physically assault those who came near him. The hospital called the sheriff's department and said, "We can't control him. Come over here and you hold him till in the morning." Lt. Joiner was not notified of this request, and Maddox's physician did not give any instructions to release him. Pursuant to the hospital's request the sheriff's department took Maddox, who had not been regularly discharged, from the hospital to the jail and put him to bed.

The next morning, Lt. Joiner was informed that Maddox had been returned to the jail. Joiner went to Maddox's cell and found him shaking uncontrollably and having trouble breathing. Joiner immediately took Maddox to the hospital, where he died within three or four minutes after arrival.

The hospital records and autopsy report, which attribute death to acute alcoholism, were received into evidence. No expert testimony was offered as to the cause of death other than these

records. The trial court offered to recess to afford plaintiffs an opportunity to submit additional evidence of the cause of death. However, plaintiffs offered no further evidence and the trial court directed a verdict in favor of the hospital.

Appellants contend the trial court erred in directing the verdict. We agree with appellants that the hospital owes a duty to the patient. As stated in *Emory Univ. v. Shadburn,* 47 Ga. App. 643 (1) (171 SE 192) (1933): "A private hospital in which patients are placed for treatment by their physicians, and which undertakes to care for the patients and supervise and look after them, is under the duty to exercise such reasonable care in looking after and protecting a patient as the patient's condition, which is known to the hospital through its agents and servants charged with the duty of looking after and supervising the patient, may require. This duty extends to safeguarding and protecting the patient from any known or reasonably apprehended danger from himself which may be due to his mental incapacity, and to use ordinary and reasonable care to prevent it."

Appellants also urge that no expert testimony is required to prove lack of proper care in a case of this type. *Self v. Executive Comm.,* 245 Ga. 548 (265 SE2d 168) (1980). We need not decide this issue. It is apparent from a review of the record that even if appellants had proved that the hospital may have been negligent in failing to adequately "look after" the deceased, there is absolutely no evidence of any causal connection between the actions taken by the hospital and Maddox's death, or that his death could have been avoided. The deceased's physician, when asked what more he would have done for Maddox, stated: "I really don't know what I would have done." The death certificate lists the cause of death as acute alcoholism with four contributory causes, none of which were shown to be connected to the care or lack of care provided by the hospital. Without some expert testimony that the hospital's alleged lack of care was the cause of death or contributed thereto, we find no causal connection between the hospital's actions and the death. Negligence alone is insufficient to sustain recovery. It must be proven that the injury complained of proximately resulted from such want of care or skill. A bare possibility of such result is not sufficient. *Parrott v. Chatham County Hosp. Auth.,* 145 Ga. App. 113, 115 (243 SE2d 269) (1978). Hence, the court did not err in directing a verdict for the hospital.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED APRIL 10, 1981.

*Frank H. Childs, Jr.,* for appellants.
*Phillip R. Taylor,* for appellee.