38494. DELLER v. SMITH et al.

GREGORY, Justice.

We granted certiorari in this case to review the Court of Appeals' determination of the issues of statutes of limitation, service of process, and failure to join a necessary party in *Smith v. Deller,* 161 Ga. App. 112 (288 SE2d 825) (1982).

On July 25, 1977 Suellen Smith was injured in an automobile collision; Aline Broome Burgess was the driver of the other vehicle. On May 29, 1979 Aline Burgess died. Allen Roy Burgess and Karol Burgess Deller were appointed temporary administrators of their

mother's estate on June 6, 1979. On that same date Suellen Smith filed a personal injury action against Aline Burgess; simultaneously Smith's husband filed an action against Aline Burgess for loss of consortium. These actions were later dismissed. On July 13, 1979 the Smiths filed actions against both temporary administrators; these actions were also dismissed. Deller and Burgess were appointed permanent administrators on August 21, 1979. On February 27, 1980 the Smiths filed this suit for personal injuries and loss of consortium against Deller.

Deller filed motions for judgment on the pleadings in both cases. These motions were converted to motions for summary judgment when matters outside the pleadings were considered by the trial court. Code Ann. § 81A-112 (c); *Newsome v. City of Union Point,* 249 Ga. 434 (291 SE2d 712) (1982). The issues raised in Deller's motions are those now before this court. The trial court determined that Deller, a non-resident, had been properly served under Code Ann. § 113-1203.1. Further, the trial court found no merit to Deller's contention that the action must be dismissed because Alan Burgess, as co-administrator and a necessary party, had not been joined in the action; the trial court ruled that under Code Ann. § 81A-121, Burgess could be added by amendment at any stage of the action. However, the trial court granted Deller's motion for summary judgment, finding that the applicable statute of limitations had run on both the Smiths' claims. Code Ann. § 3-1004.

The Court of Appeals affirmed the trial court's ruling as to the issues of service of process and failure to join Burgess as an indispensable party, but reversed the trial court's determination that the statutes of limitations had run in both actions filed by the Smiths.

(1)(a) We agree with the Court of Appeals that the statute of limitations had not run in Ellis Smith's suit for loss of consortium, as suit was clearly filed within four years after the right of action accrued. Code Ann. § 3-1004.

(b) We also agree with the Court of Appeals that the two-year statute of limitations in Suellen Smith's personal injury action had not run at the time suit was filed.

Petitioner concedes that the Court of Appeals correctly applied Code Ann. § 3-804 to toll the statute of limitations from the date of Aline Burgess' death on May 29, 1979 until the permanent letters of administration were granted to Burgess and Deller on August 21, 1979. Code Ann. § 3-804 provides in pertinent part, "[t]he time between the death of a person and representation taken upon his estate . . . shall not be counted against the creditors of his estate, provided such time does not exceed five years . . ." In *Baumgartner v. McKinnon,* 137 Ga. 165 (73 SE 518) (1911), this court held that with

regard to Code Ann. §§ 3-803 and 804[1] only the qualification of a permanent administrator constitutes representation upon the estate so as to trigger the revival of a tolled statute of limitations. In determining that the appointment of a temporary administrator does not constitute representation on the estate during which a statute of limitations will run, the court noted that a temporary administrator occupies a unique position in the law. "He is appointed to act only until a permanent administrator is appointed, for the purpose of collecting and taking care of the effects of the deceased . . ." 137 Ga. at 166; Code Ann. § 113-1207. A temporary administrator is unable to sue for the recovery of land, *Grooms v. Mixon,* 150 Ga. 335 (103 SE 845) (1920), or to distribute the assets of the estate *Furr v. Jordan,* 196 Ga. 862 (27 SE2d 861) (1943), these being duties which belong solely to the permanent administrator. While a temporary administrator "may sue for the collection of debts or for personal property of the intestate," Code Ann. § 113-1511, his duties are "principally of a preservative character," to be executed until a permanent administrator is qualified. 137 Ga. at 166. Therefore, the court reasoned, to permit the appointment of a temporary administrator to constitute representation on the deceased's estate would place the estate in a vulnerable and inequitable position with regard to Code Ann. §§ 3-803 and 804. The temporary administrator, "not clothed with the full power of a permanent administrator," Id., could not effectively pursue many claims in favor of the estate nor adequately represent the estate with regard to many claims against it. Therefore, as the Court of Appeals pointed out, "the appointment of a temporary administrator does not result in representation of the estate for purposes of the running of the statute of limitation either in favor of, or against, the estate." 161 Ga. App. at 114.

Petitioner argues, however, that the Court of Appeals erred in holding that the six-month exemption from suit provided by Code Ann. § 113-1526 applies to permanent administrators; petitioner urges that the protection offered by this provision should be instead afforded temporary administrators. Code Ann. § 113-1526 provides, in part, "No suit to recover a debt due by the decedent shall be commenced against the administrator until the expiration of six months from his qualification." It is settled that during this period when the estate is exempt from suit, the statute of limitations on any claim against the estate will be tolled. *Cannon v. Tant,* 229 Ga. 771

---

[1] Formerly Civil Code (1910), §§ 4376 and 4377. Code Ann. § 3-803 provides "[t]he time between the death of a person and representation taken upon his estate . . . shall not be counted against his estate . . ."

(195 SE2d 15) (1972); *Hawes v. Glover,* 126 Ga. 305 (55 SE 62) (1906).

If, under the facts before us, the six-month exemption commences at the appointment of the temporary administrator, Suellen Smith's suit would have been untimely.[2] If the six-month exemption begins at the time a permanent administrator is qualified, as the Court of Appeals held, Smith's suit was timely.

On February 16, 1799 the legislature first authorized the appointment of a temporary administrator.[3] This Act, "to carry into effect the sixth section of the third article of the [1798] Constitution," provided "that all applications for letters of administration shall be made to the clerk of such court of ordinary, who shall give notice thereof in one of the public Gazettes of this State, and by advertisement at the courthouse of such county at least THIRTY days before the sitting of the said court of ordinary, and such clerk may at his discretion, grant letters to collect and take care of the effects of the deceased, *until the meetings of such court. . .* [and] the person obtaining such temporary letters of administration shall give bond and security for the faithful performance of the trust reposed in such person . . ." Acts, 1799, pp. 72-3. (Emphasis supplied.)

It appears to us that it was the intent of the legislature to provide for the appointment of a temporary administrator in those cases where it was necessary to "collect and take care of the effects" of the deceased,[4] *only* until such time as the permanent administrator could be qualified. Subsequent legislative enactments and the judicial decisions interpreting them accorded the temporary administrator limited powers commensurate to his brief tenure. As noted above, a temporary administrator may sue for the collection of debts or for the personal property of the intestate. Code Ann. § 113-1511. He may not, however, pay the debts of the estate, *Furr v. Jordan,* 196 Ga. 862, 874, supra; *Broderick v. Reid,* 164 Ga. 474 (139 SE 18) (1927); *Young v. Freeman,* 153 Ga. 827 (113 SE 204) (1922), nor may he interfere with the realty in the estate except to preserve it. *Furr v. Jordan,* supra. The temporary administrator may carry out existing contracts of the

---

[2] As noted above, the statute of limitations was tolled from May 5, 1979 to August 21, 1979. Deller and Burgess were appointed temporary administrators on June 6, 1979. If Code Ann. § 113-1526 were to apply to temporary administrators, the period during which the statute was tolled would be extended to December 6, 1979. One month and twenty-seven days remained from the two year statute of limitations. (The accident occurred on July 25, 1977; the statute was tolled by Burgess' death on May 29, 1979). The last day on which Smith could timely file suit would have been February 2, 1980. Suit was not filed until February 27, 1980.

[3] See Acts, 1799, pp. 71-73; Cobb, 311.

[4] See Code Ann. § 113-1207, supra.

deceased or carry on the business of the deceased. Code Ann. § 113-1527. He may not, however, distribute any assets of the estate. *Furr v. Jordan,* supra. As *Baumgartner* carefully pointed out, the temporary administrator's duties are largely of a "preservative nature." 137 Ga. at 166. Where the legislature intended to charge a temporary administrator with a given responsibility, specific reference is made in the Code to his capacity as a temporary administrator, thus clearly differentiating from a permanent administrator. See, e. g., Code Ann. § 113-1207, § 113-1208, § 113-1511, § 113-1221, § 113-1527, and § 113-1240. Other code provisions regarding duties owed the estate do not categorize the administrator as "temporary" or "permanent," but simply classify him as an "administrator." Certain of these provisions clearly apply to a permanent administrator. For example, Code Ann. § 113-907 states that "[u]pon the appointment of an administrator, the right to the possession of the whole estate is in him . . ." Only the permanent administrator has a right to the entire estate; the temporary administrator has only the right to the personalty. Likewise, Code Ann. § 113-908 provides that "the administrator may recover any part of the estate from the heirs at law . . ." including lands under certain conditions. The temporary administrator, of course, has no right to the realty of the estate. Other code provisions must be considered with the intent of the legislature in mind and in context with the existing case law to determine whether they are applicable to permanent or temporary administrators.

Code Ann. § 113-1505 provides, in part, "[t]he administrator shall be allowed six months from the date of his qualification, to ascertain the condition of the estate." At the end of that time "the administrator shall pay the debts of the estate, wholly or in part . . ." Code Ann. § 113-1507. As this court noted in *Baumgartner,* supra, "[e]vidently [Code Ann. § 1505] did not contemplate a temporary administrator, who [has] no right to make any distribution." 137 Ga. at 167. Nor does Code Ann. § 113-1507 apply to the temporary administrator who lacks the authority to satisfy the debts of the estate.[5] *Furr v. Jordan,* supra.

---

[5] The apparent contradiction between the temporary administrator's ability to sue for debts owed the estate, *Furr v. Jordan,* supra, and his inability to pay the debts of the estate was examined by this court in *Auld v. Schmelz,* 201 Ga. 42 (39 SE2d 39) (1946). There the court determined that when a temporary administrator is sued on a debt owed the estate, the defendant would be authorized to plead a counterclaim and to obtain a judgment binding on the estate. However, the court pointed out that the priorities of creditors are fixed at the time of the death of the intestate, Code Ann. § 113-1508, and this status would not be modified by a creditor who obtained a

Following his qualification the permanent administrator is granted six months in which to ascertain the condition of the estate. During this time the creditors of the estate are required to give notice of their claims to the permanent administrator. Code Ann. § 113-1505. At the end of the six months the permanent administrator is required to pay the debts of the estate. Code Ann. § 113-1507. It seems clear that the legislature intended the six-month exemption from suit under Code Ann. § 113-1526 to apply during the six months which the permanent administrator is given to survey the assets and liabilities of the estate. Applying Code Ann. § 113-1526 to a temporary administrator rather than a permanent administrator would render meaningless the legislative intent underlying Code Ann. § 113-1505.

Petitioner argues that this interpretation of Code Ann. § 113-1526 leaves the temporary administrator in an unprotected position. However, in view of the limited authority the legislature has seen fit to grant a temporary administrator, we disagree. The temporary administrator's inability to distribute the assets of the estate to the heirs or to pay the debts of the estate will generally serve as his protections against suit. Where a judgment is obtained against him, the debt will be paid by the permanent administrator according to its priority as fixed at the time of the intestate's death. Code Ann. § 113-1508; *Auld v. Schmelz,* 201 Ga. 42 (39 SE2d 39) (1946). See Note 5, supra. We hold that the six-month exemption from suit under Code Ann. § 113-1526 commences at the qualification of the permanent administrator. The statement contained in *Hayes v. Strickland,* 112 Ga. App. 567 (145 SE2d 728) (1965) implying that the statutory exemption of Code Ann. § 113-1526 applies to a temporary administrator is incorrect. To that extent we over-rule it.

As noted above, under Code Ann. § 3-804 the statute of limitations was tolled between May 29, 1979, the date of Aline Burgess' death, and August 21, 1979, the date of the qualification of Deller and Alan Burgess as permanent administrators. Code Ann. § 113-1526 both exempted Deller and Burgess from suit and tolled the statute of limitations running on Smith's claim against the estate for an additional six months. *Cannon v. Tant,* 229 Ga. 771, supra. Thus, the statute did not recommence running against Smith's claim until

---

judgment against the temporary administrator. Each creditor would be entitled to have his claim against the estate paid according to its priority as fixed at the time of the intestate's death. The permanent administrator will pay these debts at the end of six months following his qualification. Code Ann. § 113-1507.

February 21, 1980. One month and twenty-seven days remained from the two-year period in which Smith originally had to file suit under Code Ann. § 3-1004.[6] This extended the time in which Smith could file suit until April 17, 1980. She filed suit on February 27, 1980. We, therefore, agree with the Court of Appeals that her suit was timely.

(2) Petitioner contends that the grant of her motion for summary judgment may be affirmed on the ground that service of process was not perfected on her under Code Ann. § 113-1203.1. She also asserts that this statute is unconstitutional because it permits service in a manner not reasonably calculated to provide actual notice. However, petitioner made this constitutional attack for the first time in her motion for rehearing filed in the Court of Appeals. We, therefore, will not consider it here. See *DeKalb County v. Post Properties,* 245 Ga. 214 (263 SE2d 905) (1980).

" 'The defenses enumerated in § 12 (b) of The Civil Practice Act except (6), failure to state a claim upon which relief can be granted, are matters in abatement which are not within the scope of the summary judgment procedure, as a motion for summary judgment applies to the merits of the claim or to matters in bar but not to matters in abatement. Code Ann. § 81A-112 (b). *Lamax v. Sterling Extruder Corp.,* 109 Ga. App. 92 (135 SE2d 445); Heyward v. Public Housing Adm., 238 F2d 689; 6 Moore's Federal Practice, p. 2034, § 56.02[3]. The objection to service of process falls within the category of the defense of insufficiency of service of process under § 12 (b)(5) of the Civil Practice Act. Consequently, the court would not be authorized to grant the motion for summary judgment on this ground.' " *Boyd Motors, Inc. v. Radcliff,* 128 Ga. App. 15 (195 SE2d 291) (1973); *Knight v. U. S. Fidelity &c. Co.,* 123 Ga. App. 833, 834 (182 SE2d 693) (1971).

(3) We agree with both the trial court and the Court of Appeals that under Code Ann. § 81A-121 Alan Burgess could be added by amendment as a necessary party to the proceedings at any stage of the action.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 1982 —
REHEARING DENIED NOVEMBER 2, 1982.

---

[6] The accident between Smith and Aline Burgess occurred on July 25, 1977. Aline Burgess died on May 29, 1979, tolling the statute of limitations under Code Ann. § 3-804. Burgess' death occurred one month and twenty-seven days prior to the expiration of the two-year statute of limitations.

*Edward L. Savell, William S. Goodman, Benjamin H. Terry,* for appellant.

*E. Lamar Gammage, Miles L. Gammage,* for appellees.