### 64747. JOBSON v. DOOLEY.

MCMURRAY, Presiding Judge.

This is a malpractice case involving a defendant dentist in which summary judgment was granted to the defendant based upon his own affidavit stating the standard of skill and care employed by him in treating the plaintiff was in keeping with the standard required of dentists generally. In response the plaintiff filed her own affidavit with reference to the treatment by the defendant as to her teeth and gums over a four-year period during which time he performed root canal therapy and anterior bridge work. She deposed that she complained about problems involving her teeth and gums, discomfort in several teeth and as to the anterior prosthesis "which repeatedly came loose and fell out of [her] mouth on several occasions," that the defendant reassured her at all times that she was "progressing nicely" and finally, without provocation, defendant's receptionist informed her that the defendant "wanted me to go elsewhere for treatment as he could no longer help me inasmuch as I complained too much." This occurred on or about August of 1981. She then consulted another dentist whereupon she discovered the true condition of her teeth and gums and the continuing deterioration thereof on or about September 2, 1981. She also attached the affidavit of the other practicing dentist as an expert who deposed that he examined the plaintiff "on or about June 10, 1981," concerning the upper anterior prosthesis that had fallen out and that inspection of the uncovered roots revealed gross decay on the remaining teeth. He further deposed that on the same date he "performed an intra-oral X-ray series, which revealed . . . [s]evere

recurrent carries [sic] on [certain] teeth . . . [p]ost perforation/root fracture in [one tooth] rendering a hopeless prognosis for that tooth and probable root perforation in [another tooth] . . . [a]pical resorption in [two other] teeth . . . [o]bviously unsuccessful root canal therapy on [five designated] teeth . . . [and] [s]evere periapical disease in [four of the five designated] teeth . . ." He then deposed: "[M]y examination of her teeth and gums revealed that the former treatment she had received was below the standard of care ordinarily exercised by dentists engaged in a similar type of practice and was the proximate cause of much of her present problems."

The trial court granted summary judgment in favor of the defendant based upon the defendant's affidavit as an expert that "any and all treatment . . . rendered . . . was in accordance with the standard of care required of a dentist generally . . . [and plaintiff's] problems were not the result of any failure on his behalf to exercise the proper degree of care and skill in treating her . . . [but] can only be attributed to advanced dental caries and lack of home care," basing same upon his personal knowledge. The trial court in a rather voluminous order considered the opposing affidavit of the plaintiff's medical expert and ruled that even though affiant stated he had examined plaintiff's teeth it did not show it was made on personal knowledge, and thus "amounted to a mere conclusion on the part of the affiant," citing in support thereof *Ga. Hwy. Exp. v. W. D. Alexander Co.,* 124 Ga. App. 143 (183 SE2d 215). Plaintiff appeals. *Held:*

It is clear from *Payne v. Golden,* 245 Ga. 784 (267 SE2d 211), that when a defendant in a malpractice case moves for summary judgment solely on the basis of his own affidavit made in his capacity as a medical expert that he was not negligent, the plaintiff must produce an expert opinion that the defendant was negligent in order to avoid the granting of summary judgment in favor of the defendant. The trial court cited *Parrott v. Chatham County Hosp. Auth.,* 145 Ga. App. 113, 115 (243 SE2d 269), that a plaintiff cannot recover for malpractice where there is not sufficient evidence that such physician's alleged failure to use the requisite degree of skill and diligence in treatment either proximately caused or contributed to cause plaintiff additional suffering. The trial court then held that plaintiff's opposing expert in his affidavit stated the standard of care used under Georgia law, showed he was competent to testify as an expert and also set forth facts as would be admissible in evidence but did not "state it was made on personal knowledge even though he states he has examined her teeth." Therefore, as objection was made to his affidavit for failure to state that his affidavit was made on personal knowledge, it was deficient and, for this reason, summary

judgment was granted to the defendant. We do not agree. We state from the plaintiff's medical expert's affidavit as follows: "I examined [the plaintiff] on or about June 10, 1981, [and] [t]hat inspection of the uncovered roots on the aforementioned date revealed gross decay on [certain teeth] ... [and] on the same date I performed an intra-oral X-ray series," revealing severe recurrent caries in six designated teeth, a post perforation/root fracture in one tooth "rendering a hopeless prognosis for that tooth and probable root perforation in [another] tooth," apical resorption (loss of substance of the apex of two teeth), unsuccessful root canal therapy on five teeth and severe periapical disease (tissues or gum encompassing the apex of teeth including the periodontal membrane and alveolar bone) in four teeth. See Dorland's Medical Dictionary, 24th Edition, for explanation of terms used by the affiant. Hence, "my examination of her teeth and gums revealed that the former treatment she had received was below the standard of care ordinarily exercised by dentists engaged in a similar type of practice and was the proximate cause of much of her present problems." It is true that affidavits must be made on personal knowledge as set forth in *Ga. Hwy. Exp. v. W. D. Alexander Co.,* 124 Ga. App. 143, supra, and that a statement in the jurat to that effect is generally sufficient, but the requirement of personal knowledge may be met by other material in evidence. Clearly the affidavit in the case sub judice was made on personal knowledge. It could not have been any clearer stated that he had personally examined her teeth and made X rays and stated his findings and conclusions. Substance always controls over form. Here, the court bases its determination on the fact that objection was made to the affidavit as not being made on personal knowledge, but the affiant shows clearly that *he examined* and *he performed* "an intra-oral X-ray series" which revealed, in addition to his knowledge from the examination, that in his expert opinion based upon the facts stated that the treatment previously received as revealed by the affiant's examination of her teeth and gums that the former treatment she had received was below the standard of care ordinarily exercised by dentists engaged in a similar type of practice and was the proximate cause of much of her present problems. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (1) (126 SE2d 442). The contents of the affidavit show it was made on personal knowledge even though the jurat did not so state. In *Ga. Hwy. Exp. v. W. D. Alexander Co.,* 124 Ga. App. 143, supra, the affidavit in question was that of a vice-president, the jurat not stating it was made on personal knowledge and the contents did not disclose same was made on personal knowledge although affiant did state therein personal knowledge of the indebtedness but not as to other facts contained in the affidavit.

It is true that the affidavits here show conflicting opinions of experts, and a jury may determine that her practicing dentist, whom she has sued, in no wise caused or created the situation, but only performed to the best of his ability within the standard of care ordinarily exercised by dentists with reference to her teeth showing severe recurrent caries, hopeless prognosis for other teeth and obviously unsuccessful root canal treatment involving five designated teeth as well as severe gum disease; the plaintiff merely seeking to preserve her remaining teeth at all costs, her condition having been caused and attributed to advanced dental caries and lack of home care as she had a severe dental problem before treatment was ever begun and she did not want dentures.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED OCTOBER 21, 1982 —
REHEARING DENIED NOVEMBER 18, 1982 — 

*Jan M. Smith,* for appellant.
*Joseph P. Brennan,* for appellee.