A96A0047. GRANTHAM et al. v. AMIN et al.
(471 SE2d 525)

Judge Harold R. Banke.

Kevin Grantham, individually, and as permanent administrator of the estate of Brenda Grantham, deceased, sued Sandoz Pharmaceutical Corporation[1] ("Sandoz"), Mahendra G. Amin, and Dr. Mahendra G. Amin, M.D., P.C. ("Amin") alleging that the combined negligence of Sandoz and Amin caused the death of Brenda Grantham, age 25. Grantham seeks to reverse summary judgment granted in favor of Amin.

Summary judgment is appropriate when the court, viewing all the evidence and drawing reasonable inferences in a light most favorable to the non-movant, concludes that the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the record shows the following. On August 15, 1992, Brenda Grantham, a patient of Dr. Mahendra Amin, gave birth to Kelly Nicole Grantham. After the delivery, Amin prescribed the drug Parlodel in order to dry up her breast milk. On October 3, 1992, about seven weeks after giving birth, Brenda Grantham died unexpectedly. Grantham alleged that the ingestion of Parlodel was the cause of death, that Amin was professionally negligent in prescribing the drug, and that Amin failed to fully inform Brenda Grantham of Parlodel's possible side effects including headaches, dizziness, strokes, and seizures.

Grantham's medical expert testified that Amin should have warned of the potential side effects of Parlodel but did not testify that Amin was negligent in prescribing Parlodel. The expert testified that "this drug could have been a significant contributing cause to the death of Brenda Grantham and this determination can only be verified if an autopsy is performed." No autopsy was ever performed.

It is undisputed that Brenda Grantham obtained 24 tablets of Parlodel on August 16. If taken at the prescribed rate of two per day, she would have exhausted her supply of the drug on August 28, 1992. She died between 33 and 36 days after she was scheduled to have

---

[1] Sandoz is not a party to this appeal.

taken the last tablet. *Held*:

Grantham's sole enumeration is that summary judgment was improperly granted. At summary judgment, a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the non-moving party's case. Rather, the movant must demonstrate by reference to evidence in the record, as Amin did here, that there is an absence of evidence to support at least one essential element of the non-moving party's case. *Lau's Corp.*, 261 Ga. at 495.

"To establish liability in a medical malpractice action, a plaintiff must prove three elements: the duty inherent in the doctor-patient relationship; breach of that duty by failure to exercise the required standard of care; and that this failure is the proximate cause of the plaintiff's injury. *Hawkins v. Greenberg*, 166 Ga. App. 574, 575 (1) (a) (304 SE2d 922) (1983)." *Copeland v. Houston County Hosp. Auth.*, 215 Ga. App. 207 (450 SE2d 235) (1994).

Even assuming arguendo that Grantham could prove a negligent act or omission, proving the cause of death presents an insurmountable hurdle. "[N]egligence alone is insufficient to sustain recovery for wrongful death in a medical malpractice action. It must be proven that the death of a patient proximately resulted from such want of care or skill. A bare possibility of such result is not sufficient. [Cits.] Further, there can be no recovery in a wrongful death action based on medical negligence where there is no showing to any reasonable degree of medical certainty that the patient's death could have been avoided. See *Goggin v. Goldman*, 209 Ga. App. 251, 252 [(433 SE2d 85)]; *Parrot v. Chatham County Hosp. Auth.*, 145 Ga. App. 113, 115 (243 SE2d 269)." (Punctuation omitted.) *Dowling v. Lopez*, 211 Ga. App. 578, 579-580 (2) (440 SE2d 205) (1993). In the absence of autopsy results, the absence of evidence that Brenda Grantham was still ingesting the drug near the time of her death, and the absence of any evidence that Parlodel was present in her system at the time of her death, it cannot be said that her death proximately resulted from Amin's act of prescribing Parlodel and said with any degree of medical certainty that her death could have been avoided. *Dowling*, 211 Ga. App. at 580 (2). Because Amin successfully pierced Grantham's pleadings and demonstrated the absence of evidence supporting the element of proximate cause, Amin was entitled to judgment as a matter of law. *Copeland*, 215 Ga. App. at 207; *Lau's Corp.*, 261 Ga. at 495.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MAY 2, 1996 —
RECONSIDERATION DENIED MAY 20, 1996.

*Preston & Preston, Robert H. Preston*, for appellants.

*Oliver, Maner & Gray, William P. Franklin, Jr., Tillman, McTier, Coleman, Talley, Newbern & Kurrie, Wade H. Coleman, Edward F. Preston, Keith H. Solomon*, for appellees.