43556. HENRY v. THE STATE.
43668. HARMON v. THE STATE.
(348 SE2d 640)

GREGORY, Justice.

Jackie Lynn Henry and Steven Harmon were jointly tried and convicted of the murder of Robert Lee Gladden. Both complain of the procedure followed in jury selection. For reasons which follow, we reverse.

When separate counsel representing Henry and Harmon failed to agree on a method of joint use or sharing of peremptory challenges, the trial court directed a procedure. Each defendant was allowed eleven peremptory challenges. Thus each received one-half of the normal allotment of 20 in a felony trial plus an additional strike. But, then the court ordered the defendants to exercise their strikes alternately so that juror number one was put first on the State, then on one of the defendants. The second juror was put first on the State, then on the other defendant. This alternating process was followed until a jury was selected. It is this placing of the jurors alternately on the defendants which they objected to and which causes us to reverse.

The procedure for use of strikes by jointly tried defendants is in part laid down by OCGA § 17-8-4. This section provides that joint defendants receive the same number of strikes as a single defendant. The strikes are to be exercised jointly or apportioned among the defendants by the court. The court is given the latitude to grant up to five additional strikes to each defendant. We have held generally that the method of selecting a jury in a joint criminal trial is for the discretion of the trial judge. *Monroe v. State*, 250 Ga. 30 (3) (295 SE2d 512) (1982); *Allen v. State*, 235 Ga. 709, 713 (221 SE2d 405) (1975). However, we find an abuse of that discretion under the procedure followed below. In the trial of a single defendant charged with a felony, 20 strikes are allowed the defendant and ten strikes the State. Forty-two qualified jurors are empaneled. At the beginning of the selection process the defendant can be assured that any single juror he wishes to remove from the panel can be eliminated by him. No matter how the State chooses to use its strikes the defendant can be sure any one juror he fears for any reason will not serve to decide his fate. The same assurance is his when he is tried jointly with apportioned strikes. But in the procedure followed below each defendant stood the chance of having every alternate juror serve in the case at the election of the State and the co-defendant. That alternate juror was never put on the defendant so that she or he might exercise a strike.

We hold an appropriate procedure in a case such as this is to do in part as the court below did, and divide the 20 strikes between defendants and exercise a discretion whether to allot up to five additional strikes to each. But then the exercise of strikes should be as follows. The first juror should be placed on the State and if accepted, then on defendant A. If accepted by defendant A, then on defendant B. The second juror should be placed on the State and if accepted, then on defendant B. If accepted by defendant B, then on defendant A. Defendants A and B should be alternated in this manner and this procedure followed until the jury is selected.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 8, 1986.

*Bennett & Hamilton, Hubert E. Hamilton III*, for appellant (case no. 43556).

*William P. Slack*, for appellant (case no. 43668).

*David L. Lomenick, Jr.*, District Attorney, *Susan R. Sarratt*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *J. Michael Davis*, Assistant Attorney General, for appellee.