## 75202. MICHELIN TIRE CORPORATION v. IRVING.
(366 SE2d 156)

POPE, Judge.

Plaintiff Thomas Irving was injured in a highway accident when the truck he was driving struck the rear of the eighteen-wheeler in front of him. Plaintiff testified that just prior to the collision he heard a loud noise from the front passenger side of his truck which, in his experience, sounded like the blowout of a tire. Plaintiff claims the collision was caused by a blowout and brought suit against the tire

manufacturer alleging negligence, breach of warranty and strict liability for defective manufacture. Defendant manufacturer moved for summary judgment in reliance upon the deposition testimony of the driver of the other vehicle, who rescued plaintiff from the fire which erupted in plaintiff's truck. The witness testified that the tire in question was inflated when he first commenced his rescue, that he heard an explosion from the vicinity of the tire during the rescue and that the tire blew out after the collision as a result of the fire. The tire, as well as the truck, was entirely consumed in the fire and was not available as physical evidence or for inspection. Defendant's motion was denied and this court granted its application for interlocutory appeal.

1. The determinative issue presented by this appeal is whether the circumstantial evidence presented by plaintiff's testimony is sufficient to create an issue of fact for jury determination despite the direct testimony of the witness. Here, the circumstantial evidence consists of plaintiff's testimony that he heard a loud noise which sounded like a blowout just prior to the collision. The direct evidence consists of the third-party witness' testimony that the tire in question was not blown out, but was inflated, immediately after the collision. The witness went on to testify that he heard an explosion following the collision and the eruption of the fire from underneath plaintiff's truck, after which he observed the tire was flat. If the evidence consisted merely of the two statements concerning explosive noises, a jury issue would surely be raised as to whether the blowout occurred before or after the collision. However, the witness testified that he observed the tire inflated after the collision. Thus, the fact that the tire did not blow out prior to the collision is established by direct and positive testimony of an independent third-party witness.

Where direct and positive testimony is presented on an issue, the opposing party must show some other fact which contradicts the testimony. "[I]f this other fact is direct evidence, that is sufficient to allow the case to go to the jury; if the other fact is circumstantial evidence, it must be inconsistent with the defendant's evidence, or if consistent, it must demand a finding of fact on the issue in favor of the plaintiff." *Withrow Timber Co. v. Blackburn*, 244 Ga. 549, 553 (261 SE2d 361) (1979). Accord *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776 (257 SE2d 186) (1979).

In the case now before us, the "other fact" shown by the plaintiff in opposition to defendant's motion for summary judgment is simply that he heard a noise which sounded like a blowout prior to the collision. He did not present direct evidence contradicting the witness' statement that the tire was still inflated after the collision. Plaintiff's testimony about the noise is simply circumstantial evidence. It creates an inconclusive inference that the tire in fact blew out prior to the collision, which is insufficient to overcome the direct testimony

that the tire was still inflated after the collision. The circumstantial evidence concerning the loud noise prior to the collision is not inconsistent with the direct evidence that the tire did not blow out. A loud noise, even though it sounded like a blowout, would not necessarily come from the tire. Therefore, summary judgment should have been granted to defendant.

On cross-examination of the witness, plaintiff attempted to create an issue of credibility by discrediting his testimony by showing lack of opportunity to observe the tire immediately after the collision. The witness admitted his attention was directed at the emergency of saving plaintiff's life rather than inspecting the tires for damage. However, he emphatically stated he observed the tire in question when he sprayed the underbody of the truck and the tire itself with a fire extinguisher in an effort to extinguish the fire before the plaintiff was removed from the truck. Thus, the uncontradicted testimony shows the witness did directly observe the tire and his testimony remains unimpeached. Contrary to plaintiff's argument, after a careful reading of the deposition transcript, we find no confusion over which of the tires is referred to in the witness' testimony.

2. Because the plaintiff failed to overcome defendant's motion for summary judgment on the threshold issue of whether the tire blew out prior to the collision, it follows that plaintiff may not recover on his claim for breach of warranty and strict liability. Therefore, we need not address the remaining enumerations of error.

*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 26, 1988 —
REHEARING DENIED FEBRUARY 12, 1988 — 

*Daryll Love, Hezekiah Sistrunk, Jr.*, for appellant.
*Michael R. Goldberg*, for appellee.