45542. WILLIS v. THE STATE.
45775. HOLLIS v. THE STATE.

(371 SE2d 376)

CLARKE, Presiding Justice.

Willis and Hollis had a dispute. Willis, knowing that Hollis might be there, went to a club armed with a gun. While Willis was standing outside the club, Hollis fired at Willis from his truck. Willis fired at the truck, killing Ferguson, who was sitting on the passenger side of Hollis' truck. Hollis and Willis were indicted for felony murder, the underlying felony being aggravated assault. The state's position was that the two engaged in mutual combat and that as a result of their assault upon each other Ferguson died. Both were convicted of felony murder.[1]

1. On appeal, Willis contends that the evidence was insufficient to support the verdict and that the trial court erred in failing to give a charge on involuntary manslaughter.

We find that there was sufficient evidence of felony murder to convince any rational finder of fact of the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

In *Crawford v. State*, 245 Ga. 89 (263 SE2d 131) (1980), this court held that a defendant whose defense is justification or self-defense and who kills another with a gun will not be heard to complain that the court did not charge on OCGA § 16-5-3 (b) lawful act - unlawful manner involuntary manslaughter. The reasoning behind this holding is that since everyone knows the deadly force of a gun, intent to kill can be inferred from the shooting of the gun. Further, the use of a gun negates any argument that the death occurred during the commission of a lawful act in an unlawful manner because if it is self-defense it is no crime at all, and if it is not self-defense it is reckless conduct, which is a crime rather than a lawful act. In *Saylors v. State*, 251 Ga. 735 (309 SE2d 796) (1983), we extended· *Crawford* to *any* defendant who seeks to assert self-defense to homicide, whatever the implement of death. Since Willis here based his defense upon a claim of justification, and since the court charged the jury as to self-defense and accident, the court's refusal to charge involuntary man-

---

[1] Hollis and Willis were jointly indicted November 9, 1987, for the murder of Ferguson on June 7, 1987. They were both convicted of felony murder December 1, 1987, and sentenced to life imprisonment on the same day. Hollis filed a motion for new trial December 29, 1987. This motion was amended April 4, 1988, and denied on April 4, 1988. Hollis filed his notice of appeal to this court April 21, 1988. Willis filed a notice of appeal to the Court of Appeals December 17, 1987. The case was transferred to this court March 2, 1988. The transcript of the trial was certified February 16, 1988. Willis' appeal was docketed in this court March 8, 1988, and argued May 9, 1988. Hollis' appeal was docketed in this court April 29, 1988, and submitted for opinion June 10, 1988.

slaughter was not error.

2. Hollis cites four enumerations of error. First, he complains that the trial court did not exercise its discretion in allowing him additional strikes. Secondly, he contends that the court erred in finding that the charges on accident and self-defense were limited to Willis. Thirdly, Hollis argues that the court should have charged the jury on voluntary manslaughter. Finally, Hollis contends that the court erred in not giving the involuntary manslaughter charge requested by *Willis* on the theory that if Willis were found guilty of involuntary manslaughter Hollis could not have been found guilty of murder.

There was sufficient evidence to find Hollis guilty of felony murder under the test set forth in *Jackson v. Virginia,* supra.

We have already found that the court did not err in refusing to give a charge on involuntary manslaughter as to Willis. Therefore, pretermitting the question of Hollis' failure to object to the charge at trial and the question of his standing to raise this issue, we find no merit to Hollis' complaint that *he* was entitled to have such a charge given in regard to Willis.

Hollis did not request a charge on voluntary manslaughter. In the absence of a request to charge, there is no error in failing to charge on the lesser included offense of voluntary manslaughter in a trial for murder. *Mosley v. State,* 257 Ga. 382 (359 SE2d 653) (1987); *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976).

All of the evidence at trial indicated that Hollis rather than Willis was the aggressor, and Hollis admitted that he fired first at Willis. There was no evidence to support a charge of accident as to Hollis. *Duke v. State,* 256 Ga. 671 (352 SE2d 561) (1987). Similarly, there was no evidence to support a charge of self-defense. Therefore, the court did not err in limiting the charge on accident and self-defense to Willis.

Finally, the court did not abuse its discretion in failing to give additional peremptory strikes to Hollis. OCGA § 17-8-4 provides that while jointly tried defendants are allowed the same number of strikes as a single defendant tried separately, the trial court, acting in its sole discretion, may allow extra strikes. The method of selecting a jury in a trial of joint defendants is within the discretion of the trial judge. *Henry v. State,* 256 Ga. 313 (348 SE2d 640)(1986). We find no abuse of discretion. Hollis made no motion for extra strikes until after the voir dire was administered to all jurors in the courtroom except four. Further, Hollis moved to sever his trial from that of Willis only after voir dire. The trial court ruled that this motion was not timely under Uniform Superior Court Rule 31.1. Finally, Hollis has failed to show any prejudice resulting from the court's refusal to allow extra strikes.

*Judgment in 45542 and 45775 affirmed. All the Justices concur.*

Decided September 7, 1988.

*J. Steven Dugan,* for appellant (case no. 45542).
*Richard C. Hagler,* for appellant (case no. 45775).
*William J. Smith, District Attorney, Gary Parker, Bradford R. Pierce, Assistant District Attorneys, Michael J. Bowers, Attorney General, Andrew S. Ree,* for appellee.