A94A1625. COPELAND v. HOUSTON COUNTY HOSPITAL
AUTHORITY et al.
(450 SE2d 235)

SMITH, Judge.

In this medical malpractice case, plaintiff Louis Copeland appeals from the trial court's grant of summary judgment to the defendants, the Houston County Hospital Authority d/b/a Houston Medical Center Complex, and a nurse at the hospital.

Copeland alleged in his complaint that a nurse at the hospital improperly administered an injection, damaging his left sciatic nerve.[1] The record shows that Copeland had undergone a total left hip replacement in 1978 and that his prosthesis had loosened, causing pain. He presented at the hospital emergency room numerous times in late October 1990, complaining of pain in his left hip and knee.

He was seen on October 28, 1990, by Dr. Robert Graham, an emergency room physician. Dr. Graham prescribed pain medication to be administered intramuscularly. The injection was given by a nurse. It is this injection that Copeland asserts damaged his left sciatic nerve. He returned to the emergency room on October 30, 1990, complaining of hip and knee pain, and was again given an injection of pain medication, this time in the left arm.

To establish liability in a medical malpractice action, a plaintiff must prove three elements: the duty inherent in the doctor-patient relationship; breach of that duty by failure to exercise the required standard of care; and that this failure is the proximate cause of the plaintiff's injury. *Hawkins v. Greenberg,* 166 Ga. App. 574, 575 (1) (a) (304 SE2d 922) (1983). In this case, the trial court granted summary judgment to the hospital because of the plaintiff's failure to establish a breach of duty by showing that the standard of care had not been met. We affirm.

Copeland's expert and those of the defendants agreed that the standard of care requires that intramuscular injections in the buttocks be administered in the upper outer quadrants in order to avoid piercing the sciatic nerve. In support of its motion for summary judg-

---

[1] Copeland originally named Denise Atkinson, R.N., as the nurse who administered the injection causing the problem. However, after discovery showed that the medical records clearly indicated Atkinson had administered an injection into his left arm, she was dismissed without prejudice.

ment, the hospital presented the affidavit of Hazel Walls, R.N., stating she was the nurse who administered the injection on October 28, 1990, and that she gave the injection in the left upper outer quadrant of Copeland's buttock. According to Dr. Graham's deposition testimony, the medical records support Walls' affidavit.

In opposition to the motion, Copeland submitted the affidavit and deposition testimony of his expert, Rose Marie Norris, R.N. In her affidavit, as amended, Norris stated that although ordinarily one could assume that information in medical records regarding the site of injections was correct, in this case that information was "contradicted by other facts in the medical records." The affidavit does not indicate the nature of those "other facts." On her deposition, however, Norris testified that she based her opinion that the injection on the 28th was improperly administered on the fact that Copeland first reported difficulties indicating sciatic nerve pain on October 30, and the October 28 injection was the only one given in his left buttock. This was insufficient to rebut the affirmative statement of fact by Walls, supported by the medical records, that the injection was given in the left upper outer quadrant.

First, the medical records indicate that Copeland reported leg pain prior to October 30, and Norris lacked qualifications as a registered nurse to render an opinion regarding whether Copeland's reported symptoms on visits prior to October 30 were indicative of possible sciatic nerve damage. In fact, her opinion was contradicted by that of Dr. Graham.

Second, this is not a case of "dueling experts." The point on which there is disagreement is one of fact, not opinion: the site of the injection on October 28.

It is a well-established principle that in ruling on a motion for summary judgment, a finding of fact that may be inferred from, but is not demanded by, circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists, *Brewer v. Southeastern Fidelity Ins. Co.*, 147 Ga. App. 562, 564 (249 SE2d 668) (1978), provided that the circumstantial evidence may be construed consistently with the direct evidence. *McCurry v. Bailey*, 224 Ga. 318, 319 (162 SE2d 9) (1968). Summary judgment is improper only when circumstantial evidence is inconsistent with the direct evidence; in such a case, a jury question is created. *Douglas v. Gilbert*, 195 Ga. App. 796, 798 (395 SE2d 9) (1990); *Mealer v. Gen. Cinema Beverages of Ga.*, 190 Ga. App. 419, 420 (379 SE2d 192) (1989).

In this case, the direct evidence showed that Nurse Walls administered the injection in the left upper outer quadrant of Copeland's buttock. The circumstantial evidence showed only that Copeland complained of leg pain indicative of sciatic nerve damage two days after the injection. This circumstantial evidence was perfectly consis-

tent with the direct evidence. There was, in fact, some evidence that there could have been some preexisting sciatic nerve damage due to Copeland's prior hip problems. Weighed against direct evidence that the injection was properly administered, the circumstantial evidence raised only an inconclusive inference that would not withstand the motion for summary judgment. *Derry v. Clements*, 197 Ga. App. 173, 174 (397 SE2d 594) (1990). The trial court properly granted summary judgment to the hospital.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 17, 1994 —
RECONSIDERATION DENIED NOVEMBER 14, 1994 — 

*Edwards & Youmas, Lonzy F. Edwards*, for appellant.
*Jones, Cork & Miller, Carr G. Dodson, James E. Messer, Jr.*, for appellees.