## S99A0117. CLARK v. THE STATE.
### (518 SE2d 117)

HINES, Justice.

Ted Clark appeals his convictions for malice murder and possession of a firearm during the commission of a crime.[1] For the reasons that follow, we affirm.

Construed to support the verdicts, the evidence showed that Clark telephoned police and reported that he had shot Clara White, with whom he shared a residence. Responding officers found White on the floor of the kitchen, with a fatal shotgun wound to the abdomen. A knife was lying in her open hand. Blood on the handle of the knife proved to be Clark's. Another knife was next to White, and a shotgun was lying on top of her.

When Clark telephoned to report the shooting, he stated that the shooting was unintentional, and that White had cut him with a knife.

---

[2] 270 Ga. 11 (507 SE2d 721) (1998).

[1] The crimes occurred on September 2, 1996. On October 21, 1996, a Coffee County grand jury indicted Clark for malice murder and possession of a firearm during the commission of a crime. He was tried before a jury May 19-21, 1997, and found guilty on both counts. On May 21, 1997, he was sentenced to life imprisonment for malice murder and five years imprisonment for possession of a firearm during the commission of a felony, to be served consecutively to the term for malice murder. Clark filed a motion for new trial on June 16, 1997, which was denied on August 5, 1998, and he filed a notice of appeal on August 25, 1998. His appeal was docketed in this Court on October 15, 1998, and submitted for decision without oral argument on January 8, 1999.

At the scene, Clark stated that he and White had been arguing, and that White came at him with a knife and loudly threatened to divulge that Clark was a police informant about the drug trade. Clark also stated that White cut his hand; later at the scene he told officers that his hand was cut by the hammer of the shotgun. He also stated to a physician who treated the wound that it was caused by the hammer of the shotgun when he fired it. Clark also stated that he picked up the shotgun in response to White's threatening motions with a knife and her threats to reveal that he was a police informant, but that he did not intend to kill her.

In a later videotaped statement, Clark said that he felt more threatened by White's loudly saying that she would reveal him as an informant than by her movements; at the time, windows of the residence were open and Clark believed drug dealers were nearby. In this statement he also stated that he pointed the shotgun at White and pressed it against her, but she did not get closer to him than the length of the shotgun. He speculated that the weapon must have discharged when White swatted at it, and Clark stated that he originally thought he missed White. Physical evidence showed the wound to have been made when the shotgun was pressed to White's abdomen.

Three days before the shooting, White gave a neighbor the name and address of White's mother, stating that if anything happened to White, the neighbor should see to it that White's ten-year-old child was taken to White's mother. Neighbors previously heard Clark verbally abuse White, and on the evening of the shooting, heard White and Clark arguing, followed by a gunshot. Evidence was introduced showing that deputies responded to a domestic dispute three months before the shooting, when Clark attempted to make White leave the residence. Clark told the deputies that something bad was going to happen to White if they did not remove her and that the deputies would be responsible.

1. The evidence was sufficient to enable the jury to find beyond a reasonable doubt that Clark was guilty of malice murder and possession of a firearm during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Clark contends the only evidence of murder is circumstantial and is rebutted by his statements. Clark's explanation of events changed during the investigation. The separate versions were different in material respects and such inconsistency in the evidence is for the jury's resolution. *Clifford v. State*, 266 Ga. 620, 621 (1) (469 SE2d 155) (1996). The jury was entitled to reject the different versions of events offered by Clark. *Brannon v. State*, 266 Ga. 667, 668 (469 SE2d 676) (1996).

Clark also argues that circumstantial evidence must exclude all

reasonable hypotheses save that of the defendant's guilt, and that it did not do so here. See OCGA § 24-4-6. Questions regarding the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence, and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law. *Roper v. State*, 263 Ga. 201 (1) (429 SE2d 668) (1993). The jury was entitled to accept the circumstantial evidence of an intentional act, and reject the claim that the shooting was an accident, and reject the contention that it was done in self-defense. *Griffin v. State*, 251 Ga. 431, 432 (1) (306 SE2d 283) (1983).

2. Clark argues that the trial court's jury charge on self-defense erroneously conflicted with the charge on involuntary manslaughter by the commission of a lawful act in an unlawful manner. See OCGA § 16-5-3 (b). He complains specifically of the following portion of the court's charge on self-defense:

> The use of excessive force or unlawful force while acting in self defense is not justifiable, and the Defendant's conduct in this case would not be justified if you find that the force used exceeded that which the Defendant reasonably believed was necessary to defend against the victim's use of unlawful force.

The charge is a correct statement of law. See OCGA § 16-3-21 (a). However, Clark argues this charge deprived him of any opportunity for the jury to convict him of involuntary manslaughter because he used a firearm and the use of a firearm is always considered excessive force. This Court has rejected the argument that a defendant asserting self-defense who kills another with a firearm is entitled to a charge on unlawful manner involuntary manslaughter on the theory that he was engaged in the lawful act of self-defense but with unlawful excessive force. This is because "the use of a gun negates any argument that the death occurred during the commission of a lawful act in an unlawful manner because if it is self-defense it is no crime at all, and if it is not self-defense it is reckless conduct, which is a crime rather than a lawful act." *Willis v. State*, 258 Ga. 477-478 (1) (371 SE2d 376) (1988). The trial court's charge made it clear that the jury must determine whether the force used by the defendant was excessive, and that the jury was to determine whether Clark reasonably believed the force he used was necessary to prevent his death or great bodily injury. The charge on the crime of involuntary manslaughter by the commission of a lawful act in an unlawful manner was also a correct statement of law. OCGA § 16-5-3 (b).

The trial court charged on both self-defense and accident, and was in fact under no obligation to charge on involuntary manslaughter in the commission of a lawful act. As noted, the use of a firearm in self-defense showed either an unlawful act or no crime. *Willis*, supra. Similarly, if White's death was truly accidental, a charge on involuntary manslaughter in the commission of a lawful act was not warranted as no crime would have occurred. *Lamon v. State*, 260 Ga. 119, 120 (2) (390 SE2d 582) (1990).

*Judgments affirmed. All the Justices concur.*

DECIDED MAY 3, 1999.

*John A. Rumker,* for appellant.

*Richard E. Currie, District Attorney, Albert H. Tester, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jayson Phillips, Assistant Attorney General,* for appellee.