### A00A0861. HAYNES v. THE STATE.
(534 SE2d 807)

BARNES, Judge.

A jury convicted Cynthia Haynes of running a stop sign, driving with an open container of alcohol, and driving under the influence of alcohol. Haynes appeals the DUI conviction, arguing that the trial court erred in giving a jury charge regarding the "evidentiary value"

---

of the Intoxilyzer 5000 machine. While we agree the charge was error, we conclude that the error was harmless and affirm Haynes' conviction.

Haynes objects to the following jury charge: "I charge you the mere fact that the Intoxilyzer 5000 machine has some margin of error or may give an erroneous result under certain circumstances does not diminish the evidentiary value of the test results."

The State argues that the charge, a direct quote from *Lanier v. City of Manchester*, 205 Ga. App. 597 (423 SE2d 30) (1992); is a correct statement of law. The issue we addressed in *Lanier* was whether sufficient evidence supported the defendant's DUI conviction when two successive breathalyzer tests varied by 0.02 percent. The defendant argued that evidence of her guilt was insufficient because the machine had a 0.01 margin of error and numerous substances can interfere with the test.

In affirming the conviction in *Lanier*, we cited *Lattarulo v. State*, 261 Ga. 124, 126 (3) (401 SE2d 516) (1991), in which the Supreme Court rejected the defendant's argument that breathalyzer test results should be excluded from evidence because they were not scientifically reliable. The court in *Lattarulo* held that:

> the expert testimony introduced by [the defendant] does not indicate that the Intoximeter 3000 test is not based on sound scientific theory[;] rather it indicates only that the test has some margin for error or may give an erroneous result under certain circumstances. As we noted above, no procedure is infallible. An accused may always introduce evidence of the possibility of error or circumstances that might have caused the machine to malfunction. Such evidence would relate to the weight rather than the admissibility of breathalyzer results.

Id.

In the case before us, however, the trial court instructed the jury that the breathalyzer machine's margin for error "[did] not diminish the evidentiary value of the test results." While this analysis may be appropriate when considering whether the State presented sufficient evidence to sustain a DUI conviction, it is not an appropriate jury charge.

> Language [that] is appropriate when contained in an opinion by a reviewing court may be improper when embodied in a jury charge. We have frequently held that the language employed by a judge of a reviewing court in discussing a

case, or in giving reasons for a decision[,] is not always appropriate for use by a trial judge in charging a jury.

(Citations and punctuation omitted.) *Gibbs v. State*, 174 Ga. App. 19, 20 (1) (329 SE2d 224) (1985).

The charge at issue here instructed the jury that the breathalyzer's margin of error did not diminish the test results' "evidentiary value," a conclusion rightly within the jury's domain. "It is the province of the judge in all instances to determine the admissibility of evidence. But it is the province of the jury to determine what weight shall be given to the evidence that has been admitted." *Brock v. State*, 206 Ga. 397, 400 (2) (57 SE2d 279) (1950).

However, jury instructions must be read and considered as a whole in determining whether an error is reversible. *Williams v. State*, 249 Ga. 822, 825 (3) (295 SE2d 293) (1982). In this case, the trial court properly charged the jury twice more on the issue of the weight the jury could accord the breathalyzer test results. These charges read as follows:

[T]he reliability and performance of any given breathalyzer machine [are] subject to challenge. If there is any evidence that a particular machine has malfunctioned or was designed to operate so as to produce unreliable results, such evidence is relevant to the weight you should accord the test results. . . . I charge you that an accused may always introduce evidence of the possibility of error or circumstances that might have caused the State's breath-testing machine to malfunction. Such evidence goes to the weight of the breathalyzer results.

Further, the State introduced evidence at trial that Haynes had a blood alcohol content of 0.20 upon her arrest. Considering the charge as a whole and the evidence introduced at trial, we conclude that the trial court's error was harmless.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MAY 18, 2000 ■

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III, Larkin M. Lee*, for appellant.

*Robert Stokely, Solicitor*, for appellee.