## A01A1373. POWELL v. ALAN YOUNG HOMES, INC.
### (554 SE2d 186)

MILLER, Judge.

In her suit for the wrongful death of her husband, Catherine Powell files this appeal following a jury verdict in favor of Alan Young Homes, Inc. (AYH). She contends that the trial court erred by excluding her testimony at trial regarding conversations that she had with her husband prior to his death, and by allowing AYH to assert assumption of risk and contributory and comparative negligence as defenses at trial. We discern no reversible error and affirm.

Johnny Powell, a sales manager at AYH, was killed during an after-hours fish fry held at AYH on May 19, 1998. Several AYH employees, including the manager, testified that they purchased alcohol for the fish fry with their own money. There was no evidence that any corporate funds of AYH were used to provide alcohol at the fish fry. Cheryl Terrigino, a member of the AYH cleaning staff who

---

[10] (Citation omitted.) *Carpenter v. Parsons*, 186 Ga. App. 3, 5 (4) (366 SE2d 367) (1988).

attended the fish fry along with her husband and son, also brought additional alcohol. During the course of the evening, Mr. Powell, the manager, and Terrigino had several drinks. Terrigino left the party while she was intoxicated. Shortly before Terrigino left the party, however, the manager asked Mr. Powell to accompany him on a golf cart to drive around the AYH premises and to go to a nearby store for cigarettes. Mr. Powell got into the backseat of the golf cart, and the manager drove the cart onto the highway, where it was subsequently rear-ended by a truck owned and driven by Terrigino. The accident resulted in Mr. Powell's death. Mrs. Powell sued AYH pursuant to OCGA § 51-1-40 (b), alleging that AYH knowingly provided alcohol to Terrigino when Terrigino was noticeably intoxicated and likely to drive, which caused the accident that killed her husband.

Although several AYH employees, including the manager, testified that the fish fry at AYH was an impromptu event that had nothing to do with official AYH business, Mrs. Powell claims that her husband had previously told her that the fish fry was actually part of a mandatory sales meeting for all AYH employees. She further claims that she and her husband returned early from their annual family vacation so that Mr. Powell could attend this mandatory meeting. Terrigino testified at trial that she learned about the fish fry on the same day that it took place and that business meetings were going on with various AYH departments during the fish fry, although she took no part in these meetings and never formally got together with the other employees to discuss any upcoming sales events.

Prior to trial, AYH moved to exclude Mrs. Powell's testimony regarding conversations with her husband about the fish fry being a mandatory company meeting, and Mrs. Powell moved to exclude any arguments by AYH based on assumption of risk and contributory and comparative negligence. The trial court excluded Mrs. Powell's anticipated testimony, ruling that the alleged conversations with her husband were hearsay, and that the testimony was not sufficiently trustworthy to be admitted under the necessity exception to the hearsay rule. The trial court originally denied Mrs. Powell's motion and then reconsidered this decision in light of the dismissal of the AYH manager and Terrigino from the case prior to trial. This time the trial court only agreed to allow AYH to reference assumption of risk during its opening argument, but made no final ruling on whether assumption of risk or contributory or comparative negligence would be submitted to the jury. The court decided that any issue in this regard could be resolved at the end of the trial after the evidence had been introduced. Mrs. Powell made no objection to AYH's presentation of the evidence to support its theories of assumption of risk and contributory and comparative negligence, and at the end of the trial, the court charged the jury on these issues without objection from Mrs. Powell.

1. The admission of evidence is a matter committed to the sound legal discretion of the trial judge whose determinations will not be disturbed on appeal absent abuse of that discretion.[1] However, "the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant."[2] Mrs. Powell argues that the trial court abused its discretion by excluding her testimony about conversations with her husband because such testimony was admissible under OCGA § 24-3-2 as original evidence to explain Mr. Powell's motives or conduct in attending the fish fry, or under the necessity exception to the hearsay rule. We agree that the testimony was admissible as original evidence, but conclude that its exclusion constituted harmless error since the evidence would not have been sufficient to sustain a verdict in Mrs. Powell's favor.

"Pursuant to OCGA § 24-3-2, when the conduct and motives of an actor are relevant to the issues to be tried, then information, conversations, letters and replies . . . are admissible to explain the actor's conduct."[3] Such evidence is admissible as original evidence and is not hearsay.[4]

Since Mr. Powell's conduct or motive in attending the fish fry was relevant to the ultimate issue of AYH's liability, the jury should have been allowed to hear the evidence of conversations between Mrs. Powell and her husband. In order to hold AYH liable under OCGA § 51-1-40 (b), Mrs. Powell had to prove that AYH knowingly provided alcohol to Terrigino when she was noticeably intoxicated and when AYH knew that she was likely to drive. If Mr. Powell cut his vacation short in order to attend a mandatory meeting that was held in conjunction with a company fish fry, a jury could infer that it was more likely than not that AYH actually provided the alcohol at this company event or intended to reimburse employees who purchased alcohol. Although the employees testified that they used their own personal funds to supply the alcohol, the jury should have been allowed to weigh this evidence against the testimony of Mrs. Powell. To the extent that Mrs. Powell's testimony may have reflected some bias on her part, such bias would go to her credibility as evaluated by

---

[1] *Wood v. Browning-Ferris Indus. &c.*, 206 Ga. App. 707, 708 (3) (426 SE2d 186) (1992).

[2] (Citations and punctuation omitted.) *Snelling v. State*, 215 Ga. App. 263, 265 (1) (b) (450 SE2d 299) (1994); see *Kicklighter v. Woodward*, 267 Ga. 157, 161 (4) (476 SE2d 248) (1996).

[3] (Punctuation and footnote omitted.) *Slakman v. State*, 272 Ga. 662, 667 (3) (a) (533 SE2d 383) (2000); see *Lloyd v. Tyson*, 195 Ga. App. 48, 49 (2) (392 SE2d 551) (1990).

[4] OCGA § 24-3-2.

the jury, and not to the admissibility of the testimony itself.[5]

However, the trial court's exclusion of Mrs. Powell's testimony was harmless since the testimony would have been insufficient to support a jury verdict in Mrs. Powell's favor. "[A] finding of fact that may be inferred from, but is not demanded by, circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists, provided that the circumstantial evidence may be construed consistently with the direct evidence."[6] Mrs. Powell did not present any direct evidence to contradict the testimony of AYH employees who testified that AYH did not provide any of the alcohol at the fish fry. Even if the fish fry was in fact connected to a mandatory meeting, such evidence is not inconsistent with the testimony that (1) no corporate funds were used to provide the alcohol at any such meeting and (2) AYH served no alcohol to anyone. Mrs. Powell's proffered testimony merely created an inconclusive inference that AYH may have provided the alcohol, which is insufficient to overcome the direct evidence that AYH did not provide the alcohol.[7] Therefore, the trial court's exclusion of this testimony was harmless.

2. Mrs. Powell further argues that the trial court erred by allowing the jury to hear evidence and be charged on the issues of assumption of risk and contributory and comparative negligence. She contends that assumption of risk and contributory and comparative negligence do not apply in this Dram Shop Act case since no evidence existed to support these theories and since liability under OCGA § 51-1-40 (b) is based on intentional, rather than negligent, conduct. However, we find that this enumeration of error was not properly preserved for appeal.

"The trial court has an absolute right to refuse to decide on the admissibility of evidence . . . prior to trial [and] may reserve ruling on the admissibility of evidence until it is offered during trial."[8] Where the plaintiff fails to raise an objection to the evidence when it is presented, he forfeits his right to have the evidence excluded.[9] Furthermore, "[e]xcept as otherwise provided in OCGA § 5-5-24 (c), in all

---

[5] See *Haynes v. State*, 244 Ga. App. 79, 81 (534 SE2d 807) (2000) ("It is the province of the judge in all instances to determine the admissibility of evidence. But it is the province of the jury to determine what weight shall be given to the evidence that has been admitted.") (citation and punctuation omitted); see also *Ga. Power Co. v. Irvin*, 267 Ga. 760, 766 (3) (482 SE2d 362) (1997).

[6] (Citations omitted.) *Copeland v. Houston County Hosp. Auth.*, 215 Ga. App. 207, 208 (450 SE2d 235) (1994); see also *Michelin Tire Corp. v. Irving*, 185 Ga. App. 783, 784 (1) (366 SE2d 156) (1988).

[7] See *Copeland*, 215 Ga. App. at 208-209; *Michelin Tire Corp.*, 185 Ga. App. at 784-785 (1).

[8] *Orr v. CSX Transp.*, 233 Ga. App. 530, 531 (3) (505 SE2d 45) (1998).

[9] Id. at 532.

civil cases, no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection."[10]

The court properly reserved its ruling on whether evidence relating to assumption of risk and contributory and comparative negligence could be introduced at trial and allowed the evidence to be presented without objection from Mrs. Powell. Mrs. Powell further failed to make a timely or proper objection to the jury charges and has therefore presented nothing for this Court to review.

Even if Mrs. Powell had made proper and timely objections, the trial court properly allowed the evidence and jury charges. Two judges of this Court have previously held that negligence-based defenses such as assumption of risk apply in actions brought pursuant to OCGA § 51-1-40 (b), as the defenses apply to the driver's negligence, not the wilful provision of alcohol.[11] Since there was evidence here to support jury instructions based on assumption of risk and contributory and comparative negligence, the trial court did not err by submitting these issues to the jury.[12]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 2, 2001.

*Callaway, Neville & Brinson, William E. Callaway, Jr.*, for appellant.

*Dermer, Brown, Rogers & O'Neill, Richard W. Brown*, for appellee.

---

[10] (Punctuation omitted.) Id. at 531 (2) (a).

[11] See *Taylor v. RaceTrac Petroleum*, 238 Ga. App. 761, 764 (3) (519 SE2d 282) (1999) (physical precedent only).

