### A01A0944. MORENO v. THE STATE.
(553 SE2d 387)

MILLER, Judge.

Following a jury trial, Hector Moreno was convicted of three counts of raping his former girlfriend. On appeal, he contends that the trial court improperly admitted portions of the victim's videotaped interview and portions of his videotaped custodial interview by the police. We discern no error and affirm.

The evidence at trial revealed that the day after his girlfriend broke up with him, Moreno saw her walking to work in Marietta and offered her a ride. She accepted the ride, but instead of driving her to work, Moreno drove the victim to a motel in Macon, where the victim testified that he raped her three times. Medical testimony also revealed evidence of forcible intercourse.

1. In Georgia a trial judge has broad discretion to determine what evidence will be admitted for review by a jury, and such evidentiary decisions will not be disturbed on appeal absent an abuse of dis-

---

cretion.[1] Moreno argues that the trial judge abused his discretion by allowing the jury to hear translated testimony during deliberations that was different from the translated trial testimony. Since the translations were not materially different, we find no abuse of discretion here.

The victim's videotaped interview was admitted at trial. In the video the victim, in Spanish, described her relationship with Moreno following their encounter in the Macon motel. An in-court interpreter provided a simultaneous translation while the videotape was played. In the first translation, the interpreter testified that the victim stated that "after what happened," she and Moreno continued as boyfriend and girlfriend for about 15 days. When the jury asked to see the videotape again during its deliberations, the court interpreter changed "after what happened" to "after that." Moreno's attorney objected to the accuracy of the second translation. Out of the jury's presence the court interpreter determined that the correct translation was "after what he did to me," the victim and Moreno continued as boyfriend and girlfriend for about 15 days.

Since the translations heard by the jury were substantially the same, and the correct translation appears more incriminating, the trial court did not abuse its discretion in admitting the second translation during jury deliberation. We are aware of the potential injustices to nonEnglish-speaking defendants that could result from mistranslations given at trial. However, in this particular case the evidence was sufficient to support the verdict even without the portion of the testimony that was mistranslated.[2]

2. Moreno also contends that the trial court erred in admitting a videotape in which the police read him his *Miranda*[3] rights in Spanish. Moreno urges that because the officer who translated the rights on the video was not available for cross-examination at the *Jackson-Denno*[4] hearing or at trial, the videotape was inadmissible. Although the arresting officer was also on the videotape and verified the contents of the videotape at the hearing and trial, and although translations at the hearing and trial were provided by the in-court interpreter, Moreno argues that the translating officer was needed to show the voluntariness of Moreno's statements and the veracity of the officer's translations. We disagree.

"The burden is on the prosecution to show the voluntariness of a custodial statement by a preponderance of the evidence. Factual and

---

[1] *Conyers v. State*, 234 Ga. App. 830, 832 (1) (507 SE2d 842) (1998); *Bradford v. State*, 221 Ga. App. 232, 234 (2) (471 SE2d 248) (1996).
[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).
[4] See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

credibility determinations of this sort made by the trial judge after a voluntariness hearing must be accepted by appellate courts unless such determinations are clearly erroneous."[5] Once the evidence is admitted, the jury weighs the evidence.[6]

The trial judge's determination that Moreno's statement was voluntary is supported by the evidence, and we will not disturb that determination on appeal. The record indicates that the arresting officer, who spoke English, had a Spanish-speaking officer translate Moreno's *Miranda* rights into Spanish and read them to Moreno. The arresting officer had the translating officer read Moreno's *Miranda* rights to him a second time to make absolutely sure that Moreno understood them. Each statement or question made by the arresting officer was translated by the second officer into Spanish, and Moreno's Spanish responses were then translated for the English-speaking officer. At no time did Moreno indicate that he wanted the questioning to stop or that he wanted an attorney. Although the translating officer was not available at the *Jackson-Denno* hearing, a court interpreter was present who translated the content of each Spanish statement made during the videotaped custodial interview.

Only one witness is needed to verify the accuracy of a videotape in order to warrant its admission.[7] The arresting officer was present during the entire video interview and testified as to the accuracy of the video. The fact that the interviewing officer did not speak Spanish is irrelevant, because a court translator was present at the *Jackson-Denno* hearing and at trial to ensure that the content of the translations was accurate. This court has held in a similar case that a defendant was not deprived of his Sixth Amendment right to cross-examine a Spanish-speaking police dispatcher who interviewed the victims, but was not called as a witness, when Spanish translators for the victims were provided at trial.[8] Accordingly, we find no error in the trial judge's admission of the videotape or its consideration by the jury without the testimony of the translating officer.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED AUGUST 6, 2001 —
RECONSIDERATION DENIED AUGUST 24, 2001 — 

*William A. Matos*, for appellant.

---

[5] (Citations and punctuation omitted.) *Tucker v. State*, 231 Ga. App. 210, 212 (1) (a) (498 SE2d 774) (1998).

[6] *Haynes v. State*, 244 Ga. App. 79, 81 (534 SE2d 807) (2000).

[7] *Harper v. State*, 213 Ga. App. 444, 447-448 (4) (445 SE2d 303) (1994).

[8] See *Johnson v. State*, 232 Ga. App. 717, 719 (1) (503 SE2d 603) (1998).

*Howard Z. Simms, District Attorney, Barbara A. Becraft, Myra H. Kline, Assistant District Attorneys*, for appellee.