A03A0500. DURHAM v. THE STATE.
(578 SE2d 514)

BLACKBURN, Presiding Judge.

Following his conviction by a jury of armed robbery, Jamon Rodari Durham appeals, contending that the trial court erred in its charge to the jury on the proof necessary to establish the offense of armed robbery. For the reasons set forth below, we affirm.

Viewed in a light most favorable to the jury's verdict, the evidence shows that on June 16, 2000, Durham entered a Hardee's restaurant and handed Tomika Robinson, the cashier, a note in which he had written, "Give me all the money from the register, now! I have a gun! Don't say anything or I'll shoot." Durham kept his hand, in which he held a large set of pliers, in his pocket in order to make the Hardee's employees think he had a handgun.

Robinson, who thought Durham was joking because he had been in the restaurant the day before and filled out an application for employment, told Durham she could not give him the money because she could not open the register. Durham told Robinson to get the manager; when she went to the back of the restaurant to do so, he accompanied her.

When Robinson and Durham reached the back of the restaurant, Robinson handed Durham's note to the shift manager, Janelle Ellison. Ellison reminded Robinson that Durham was not supposed to be in the back of the restaurant and then walked Durham back to the front. When Ellison finally read the note, she said to Durham, "You don't want to do this." Durham replied, "Don't make it hard for me, I

don't want to do it." Ellison, assuming that Durham had a gun because he kept his hand in his pocket and the bulge in his pocket looked like a gun, opened both cash registers. Durham told Ellison to give him the money in the registers. Ellison refused, and Durham jumped over the counter and took the money from the cash drawers. Durham fled on foot and was apprehended and arrested after being chased by police officers who had responded to the scene.

In a single enumeration of error, Durham maintains that the trial court erred in charging the jury on the proof necessary to establish the offense of armed robbery. Citing *Talbot v. State*,[1] he argues that the portion of the charge to which he objects could easily have misled the jury into concluding that no offensive weapon had to be proved. We disagree.

"It is a fundamental rule that jury instructions must be considered as a whole in determining whether the charge contained error." *Pittman v. State*.[2] The trial court charged the jury as follows:

> Georgia law defines armed robbery as follows: A person commits armed robbery when, with intent to commit theft, that person takes property of another from the person or the immediate presence of another by use of an offensive weapon, or by any replica, article, or device having the appearance of such a weapon.
>
> *An offensive weapon is any object, device, or instrument which, when used offensively against a person, is likely to, or gives the appearance of being likely to result in death or serious bodily injury. . . .*
>
> *It is not essential that a weapon be seen by the victim to support a conviction for armed robbery as long as there is some physical manifestation of a weapon or some evidence from which the presence of a weapon may be inferred. The question is whether the perpetrator's acts created a reasonable apprehension on the part of the victim that an offensive weapon was being used, regardless of whether the victim actually saw a weapon.*
>
> If you find present in the case before you all of the elements of armed robbery, but you do not find that an offensive weapon, or thing having the appearance of such a weapon, was used, but that the taking was accomplished by the accused putting the alleged victim under such fear as would create in the mind of the victim an apprehension of danger to life or limb, and if you so find beyond a reasonable

---

[1] *Talbot v. State*, 198 Ga. App. 636 (402 SE2d 366) (1991).
[2] *Pittman v. State*, 273 Ga. 849, 850 (4) (546 SE2d 277) (2001).

doubt, then you would be authorized to find the defendant guilty of robbery by intimidation.

A person commits robbery by intimidation when, with intent to commit theft, that person takes property of another from the person or immediate presence of another by putting the alleged victim under such fear as would create in the mind of the victim an apprehension of danger to life or limb. The following are essential elements of the offense that the State must prove beyond a reasonable doubt. A taking must have been with the purpose to commit theft; against the will of the person robbed; by creating in the mind of the victim an apprehension of danger to life or limb. *If you so find, beyond a reasonable doubt, you would be authorized to find the defendant guilty of robbery by intimidation.*

(Emphasis supplied.)

Durham objects to that part of the charge italicized above. That language, however, has been approved by this Court and is a correct statement of the law in Georgia. In *Prins v. State*,[3] we stated:

Under OCGA § 16-8-41 (a), a person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon. Under this statute, the presence of a weapon is necessary to a conviction for armed robbery. But the presence of such a weapon may be established by circumstantial evidence, and a conviction for armed robbery may be sustained even though the weapon itself was neither seen nor accurately described by the victim. Some physical manifestation of a weapon is required, however, *or some evidence from which the presence of a weapon may be inferred.* Furthermore, the question is whether the defendant's acts created a reasonable apprehension on the part of the victim that an offensive weapon was being used, regardless of whether the victim actually saw the weapon.

(Citation and punctuation omitted.)

Moreover, it is patently clear that the charge, read as a whole, would not mislead the jury into concluding "that no offensive weapon or appearance of an offensive weapon had to be proved." *Talbot,*

---

[3] *Prins v. State*, 246 Ga. App. 585, 586 (1) (539 SE2d 236) (2000).

supra at 638 (1). "The charge as given by the trial court clearly explained the difference between armed robbery and robbery by intimidation . . . without blurring the. distinction between reasonable apprehension for armed robbery and apprehension of danger for robbery by intimidation," and without directing "the jury's attention away from the presence of a gun as required by the statute to the presence of the victim's reasonable apprehension." (Punctuation omitted.) *Prins*, supra at 588 (2). Considering the charge as a whole, we must conclude that the trial court fully and accurately charged the jury with respect to the crime with which Durham was charged. Id.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED FEBRUARY 24, 2003.

*Virginia W. Tinkler*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Daniel M. Hirsh, Assistant District Attorneys*, for appellee.