A03A0414. STEWART v. THE STATE.
(585 SE2d 622)

ADAMS, Judge.

Daniel Lamar Stewart appeals following his conviction for aggravated assault. On appeal, Stewart asserts that the trial court improperly limited his voir dire and raises two challenges to the trial court's charge to the jury. Because we find no error, we affirm.

In October 2000, Stewart was sitting with friends at the Huddle House Restaurant in Athens, when he got into an argument with Joe Alvin Brown. In the course of the argument, Stewart struck Brown in

---

the face with a sugar shaker between one and five times. Brown suffered lacerations to his scalp and nose, significant bruising to his right eye, and acute blood loss, and accompanying symptoms. Stewart was charged with aggravated assault pursuant to OCGA § 16-5-21 (a) (2), which prohibits a person from assaulting another with "any object, device, or instrument" which, when used offensively against a person, is likely to result in serious bodily injury.

1. Stewart contends that the trial court erred in limiting his voir dire questions regarding the jury's experience with self-defense. During voir dire, Stewart's attorney asked a prospective juror whether he knew anyone who had acted in self-defense. After the state began to interrupt the questioning, the trial court expressed concern as to whether that question exceeded the proper scope of voir dire examination. After further discussion, the trial court allowed Stewart's counsel to ask whether a juror knew anyone who acted in self-defense, but did not allow follow-up questioning to elicit a description of that experience. Stewart asserts that more detailed information would have aided his counsel in exercising peremptory strikes and could have possibly revealed a juror's "interest, inclination, leaning or bias" that could have necessitated a strike for cause.

"The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination." (Punctuation and footnote omitted.) *Speed v. State*, 270 Ga. 688, 691 (7) (512 SE2d 896) (1999). But questions seeking " 'to test the prospective jurors' willingness to accept defenses' " or to identify jurors who are amenable to a particular defense are properly disallowed. (Citation omitted.) *Meeks v. State*, 216 Ga. App. 630, 632 (4) (455 SE2d 350) (1995). "Since there is often a fine line between asking potential jurors how they would decide the case and questions that merely seek to expose bias or prejudice, the scope of the voir dire examination, of necessity, must be left to the sound discretion of the trial court." (Punctuation and footnote omitted.) *Sallie v. State*, 276 Ga. 506, 510 (3) (578 SE2d 444) (2003). And this Court does not interfere with such discretion absent manifest abuse. *Williams v. State*, 259 Ga. App. 742, 744 (2) (578 SE2d 128) (2003).

Here, the trial judge discussed the possibility that further questioning would elicit responses reflecting a juror's belief about, or description of, "self-defense." He was concerned that the voir dire could thus stray into impermissible legal areas on which the court would instruct the jury at the end of trial. See generally *Ganas v. State*, 245 Ga. App. 645, 648 (2) (537 SE2d 758) (2000); *Parker v. State*, 172 Ga. App. 540, 541 (2) (323 SE2d 826) (1984). "Questions of a technical legal nature and questions that call for prejudgment are

improper in a voir dire examination." *Sallie v. State*, 276 Ga. at 510 (3).

We find that the trial court's decision to limit voir dire in this context fell within its sound discretion. Moreover, from our review of the record, we conclude that the voir dire in this case "was sufficient to ascertain the fairness and impartiality of the prospective jurors." *Sallie v. State*, 276 Ga. at 510 (3). Accordingly, no manifest abuse of discretion occurred. Nor do we believe that the limitations on voir dire violated Stewart's right to due process.

2. Stewart next asserts that the trial court erred in charging the state's Request to Charge No. 3 on the issue of self-defense. That portion of the charge read:

> I charge you, members of the jury, self-defense as its nomenclature implies is defensive in nature and not offensive. It is invoked by necessity and without necessity being present, it is inapplicable. Thus, the amount of force which can be utilized is based upon necessity and under no circumstances may legitimate self-defense exceed the bounds necessary for its use. Where the force used exceeds that necessary for defense of the person, the law will consider the defender the aggressor.

Stewart argues that this charge misstates the law of self-defense by imposing a requirement of absolute necessity, rather than a reasonable belief requirement, before self-defense is authorized.

The contested charge originated, not from the Pattern Jury Instructions, but from this Court's opinion in *Spradlin v. State*, 151 Ga. App. 585, 586 (260 SE2d 517) (1979). That case addressed the issue of whether the defendant, who was charged with voluntary manslaughter in a stabbing death, was entitled to a charge of involuntary manslaughter where he asserted a claim of self-defense. The *Spradlin* opinion held that it was reversible error for the trial court to refuse to give a charge on involuntary manslaughter under the facts of that case. But in *Bangs v. State*, 198 Ga. App. 404, 405 (2) (401 SE2d 599) (1991), this Court recognized that the *Spradlin* decision had been overruled by the decisions of the Supreme Court of Georgia in *Pullin v. State*, 257 Ga. 815, 817 (4) (364 SE2d 848) (1988), and *Willis v. State*, 258 Ga. 477-478 (1) (371 SE2d 376) (1988).

It is a well-settled principle that not every quotation from a case is appropriate for a jury charge:

> Language that is appropriate when contained in an opinion by a reviewing court may be improper when embodied in a jury charge. We have frequently held that the language

employed by a judge of a reviewing court in discussing a case, or in giving reasons for a decision, is not always appropriate for use by a trial judge in charging a jury.

(Citation and punctuation omitted.) *Haynes v. State*, 244 Ga. App. 79, 80-81 (534 SE2d 807) (2000). A requested jury charge should be given "only where it embraces a correct and complete principle of law adjusted to the facts and which is not otherwise included in the general instructions given." (Punctuation and footnote omitted.) *Hoang v. State*, 250 Ga. App. 403, 410 (3) (551 SE2d 813) (2001).

Applying these principles to the contested charge, we believe that the better practice would have been not to have given the charge, or at the very least to have adjusted the charge to reflect the reasonable belief standard. Nevertheless, this Court held in *Campbell v. State*, 207 Ga. App. 902, 906 (5) (429 SE2d 538) (1993), that it was not error to charge this language from *Spradlin* where the charge as a whole encompassed the elements of self-defense under OCGA § 16-3-21. " 'It is a fundamental rule that jury instructions must be considered as a whole in determining whether the charge contained error.' [Cit.]" *Durham v. State*, 259 Ga. App. 829, 830 (578 SE2d 514) (2003).

Here, the trial court adequately and fully charged on the issue of self-defense including the statutory language under OCGA § 16-3-21 (a) that "[a] person is justified in threatening or using force against another when and to the extent that he . . . *reasonably believes* that such threat or force is necessary to defend himself . . . or a third person against such other's imminent use of unlawful force." (Emphasis supplied.) The court further charged that the state had the burden of proving beyond a reasonable doubt that the defendant was not justified in using force. Accordingly, we find that the instruction on self-defense in this case, when the charge is read as whole, did not constitute reversible error.

The cases of *Murray v. State*, 254 Ga. 351, 352 (1) (329 SE2d 485) (1985), and *McCord v. State*, 176 Ga. App. 505, 506 (1) (336 SE2d 371) (1985), are distinguishable because there was no finding in either of those cases that the charge when read as a whole correctly instructed the jury on self-defense. Rather, the charges in those cases misstated the applicable law.

3. Stewart also argues error in the trial court's refusal to give his requested charge stating that the term "serious bodily injury" as used in the aggravated assault statute means such injury as is likely to cause "death or great bodily harm."

Stewart was charged under OCGA § 16-5-21 (a) (2) with assaulting Brown with an instrument which when used offensively against a person is likely to result in serious bodily harm. He is arguing that

---

"serious bodily harm" in this context should be equated with "death and great bodily harm" as found in the self-defense statute. That statute provides, in pertinent part, that "a person is justified in using force which is intended or likely to cause death or great bodily harm only if he or she reasonably believes that such force is necessary to prevent death or great bodily injury." OCGA § 16-3-21 (a).

Stewart relies upon language from our opinion in *Williams v. State*, 126 Ga. App. 454, 456-457 (5) (191 SE2d 100) (1972), stating that there is no substantial difference between the phrases "serious *personal* injury" and "great bodily injury." Nevertheless, that case did not address the use of the term "serious *bodily* injury" in the context of the aggravated assault statute, and certainly did not equate the term with "death and great bodily harm" as found in the self-defense statute. Accordingly, *Williams* has no application in this case.

Because the requested charge was not a complete and correct statement of the law, the trial court committed no error in refusing to give the charge.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 11, 2003 —
RECONSIDERATION DENIED JULY 17, 2003.

*Russell C. Gabriel*, for appellant.

*Kenneth W. Mauldin, District Attorney, Julayaun M. Waters, Brian V. Patterson, Assistant District Attorneys*, for appellee.