S07A1625. NELSON v. THE STATE.
(657 SE2d 201)

BENHAM, Justice.

James Rowe, Jr., died on October 19, 2003, as a result of being shot in the chest by appellant Alvin Nelson outside a Valdosta bar. Nelson was arrested within hours of the shooting and a jury found him guilty of felony murder (the underlying felony being aggravated assault), possession of a firearm during the commission of a crime, carrying a concealed weapon, and discharging a firearm near a public highway. He appeals from the judgment of conviction and the trial court's denial of his motion for new trial.[1]

---

[1] The victim died on October 19, 2003, and appellant was arrested the same day. The Lowndes County grand jury returned a true bill of indictment against appellant in December 2003, and appellant's trial commenced on October 4, 2004. It concluded the following day with the return of the jury's guilty verdicts and the trial court's imposition of a sentence of life imprisonment for the felony murder conviction, a five-year consecutive sentence for the firearm possession conviction, a twelve-month concurrent sentence for the concealed weapon conviction, and a one-year concurrent sentence for the firearm discharge conviction. Appellant's trial counsel filed a motion for new trial and a notice of appeal on November 2, 2004. Appellate

The State presented the testimony of the arresting officer who recounted that appellant told him he had shot the victim after the victim had punched him and tried to rob him. The investigating detective testified appellant told him he had agreed to drive several men to the bar in exchange for money and they had entered the bar without paying him. Appellant had followed his passengers into the bar and they exited the bar and argued about payment for the transportation. While appellant and his passengers were outside, the victim approached the crowd and punched appellant, causing appellant to stumble. Appellant righted himself, drew his .32-caliber revolver from his pocket, and shot the victim.

Appellant, a 57-year-old house painter who weighed 165 pounds and is 5′10″, testified he fired his weapon because he feared the victim, a 30-year-old man who was 6′2″ and weighed 230 pounds, was going to continue to hit him. Two of appellant's passengers testified appellant shot the victim after the unprovoked victim punched appellant while appellant and the witnesses were discussing payment of the fare.

1. It was undisputed that appellant shot the victim and fatally wounded him. The only issue for the jury was whether appellant was justified in doing so.

> [A] person is justified in using force which is intended or likely to cause death or great bodily harm only if he or she reasonably believes that such force is necessary to prevent great bodily harm to himself or herself or a third person or to prevent the commission of a forcible felony.

OCGA § 16-3-21 (a). A homicide is not justified if the force used by the defendant exceeds that which a reasonable person would believe was necessary to defend against the victim's unlawful act. *Harris v. State*, 274 Ga. 422 (1) (554 SE2d 458) (2001). Inasmuch as the jury was authorized to conclude that appellant used excessive force when he shot the victim in response to the victim having punched him, the evidence was sufficient to authorize the jury's finding that appellant was guilty beyond a reasonable doubt of felony murder. Id. See also *Clark v. State*, 271 Ga. 27 (2) (518 SE2d 117) (1999).

2. Appellant contends trial counsel rendered ineffective assistance of counsel by failing to seek a directed verdict of acquittal at the

---

counsel filed an amendment to the motion for new trial on February 27, 2007, and the trial court held a hearing on April 18, 2007. The amended motion was denied by the trial court on April 25, 2007, and the notice of appeal filed prematurely in 2004 is deemed as being effectively filed upon entry of the order denying the motion for new trial. *Hall v. State*, 282 Ga. 294 (1) (647 SE2d 585) (2007). The appeal was docketed in this Court on July 11, 2007, and was submitted for decision on the briefs.

close of the State's evidence and by failing to request jury instructions on voluntary manslaughter, involuntary manslaughter, and reckless conduct. To prevail on a claim of ineffective assistance, appellant "must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different." (Citation and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007).

(a) The failure to seek a directed verdict of acquittal on the felony murder charge does not constitute deficient performance where the evidence presented by the State was sufficient to authorize the conviction. *Coggins v. State*, 275 Ga. 479 (3) (569 SE2d 505) (2002). Inasmuch as there was sufficient evidence to authorize the conviction (see Division 1), trial counsel's failure to seek a directed verdict of acquittal was not deficient performance.

(b) Since appellant used a gun, he was not entitled to a charge on involuntary manslaughter on the theory his act of shooting the victim was a lawful act committed in an unlawful manner. *Clark v. State*, supra, 271 Ga. at 29. Since it was undisputed that appellant intentionally fired the gun at the victim and did not act in conscious disregard of the substantial and unjustifiable risk that his act would cause harm or endanger the safety of the victim, there was no evidence to support a charge on reckless conduct. *Stobbart v. State*, 272 Ga. 608 (3) (533 SE2d 379) (2000). Since the provocation necessary to support a jury instruction on voluntary manslaughter is markedly different from that which supports a justification defense and the only evidence was that appellant acted in an attempt to defend himself and not out of a sudden, violent, and irresistible passion, there was no evidence to support a charge on voluntary manslaughter. *Worthem v. State*, 270 Ga. 469 (2) (509 SE2d 922) (1999). Consequently, trial counsel's failure to seek jury instructions on these offenses did not constitute the deficient performance necessary for a successful showing of ineffective assistance of counsel, and the trial court did not err when it denied the motion for new trial.

3. Appellant contends the trial court gave an incorrect jury charge on felony murder during the instructions to the jury at the close of the evidence and again in response to a question from the deliberating jury. In each instance, the trial court inquired whether there were any objections to the instructions given and trial counsel responded in the negative. The failure to voice an objection or to reserve objection at trial constitutes waiver of appellate review of the issue. *Pickren v. State*, 272 Ga. 421 (2) (530 SE2d 464) (2000).

*Judgment affirmed. All the Justices concur, except Sears, C. J., who concurs in Divisions 1, 2 (a), and 3, and in the judgment.*

DECIDED FEBRUARY 11, 2008.

*Charles A. Wetherington, Jr.*, for appellant.

*J. David Miller, District Attorney, Robert L. Moore, Jr., Bradfield M. Shealy, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Amy E. Hawkins Morelli, Assistant Attorney General*, for appellee.